Filed 4/28/16  P. v. Miller CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>BRODERICK MILLER,<br><br>    Defendant and Appellant. | C079533<br><br>(Super. Ct. Nos. 10F06893,<br> 11F08442, 14F07528) |

Defendant Broderick Miller appeals from his convictions for possession of methamphetamine for sale, being a felon in possession of a firearm, and unlawful infliction of corporal injury.  He contends the minute order and abstract of judgment do not accurately reflect the oral pronouncement of judgment and must be corrected to impose the mandatory minimum restitution and parole revocation fines.  The People concede.  We will order the minute order and abstract of judgment corrected to reflect the judgment and affirm the judgment.

1

BACKGROUND[1]

In May 2015, defendant faced multiple charges in three separate cases -- cases Nos. 10F06893, 11F08442, and 14F07528 -- for offenses including domestic violence, making criminal threats, and various drugs and weapons charges. Each information also alleged defendant had suffered a prior strike conviction. As part of a global resolution of all three cases, defendant pled no contest to possession of methamphetamine for purposes of sale in case No. 10F06893, being a felon in possession of a firearm in case No. 11F08442, and misdemeanor unlawful infliction of corporal injury resulting in a traumatic condition and another count of being a felon in possession of a firearm in case No. 14F07528. Defendant also admitted in each case that he had a prior strike conviction.

In accordance with the plea agreement, the trial court sentenced defendant to an aggregate term of six years eight months in state prison and awarded him a total of 595 days of presentence custody credits. On the issue of fines and fees, in response to defense counsel's objection to the imposition of discretionary fines and fees, the trial court stated, "[o]nly mandatory minimum fines and fees are imposed. The Court would delete non-mandatory fines and fees as per your request . . . ." At the sentencing hearing, the trial court did not orally pronounce the amount of any restitution fines to be imposed. The fines and fees, and their statutory bases are delineated in the probation report, along with notations, corrections, and deletions. The discretionary fines and fees are deleted in the probation report. The probation report indicates a $1,200 restitution fine in case No. 10F06893, a $200 restitution fine in case No. 11F08442, and a $300 restitution fine in case No. 14F07528. The minute orders and abstract of judgment reflect the imposition of

_____

[1] A detailed recitation of the substantive facts and procedural history is unnecessary to the resolution of this claim on appeal.

2

a $1,200 restitution fine (Pen. Code,[2] § 1202.4) and a $1,200 parole revocation fine (§ 1202.45) in case No. 10F06893, and the mandatory minimum restitution fines of $200 and $300 in cases Nos. 11F08442 and 14F07528, respectively.

## DISCUSSION

Defendant contends the abstract of judgment and minute order must be corrected to reflect a $200 restitution fine and a $200 parole revocation fine in case No. 10F06893, consistent with the trial court's oral pronouncement of only the "mandatory minimum" fees at judgment. The People agree. Although the trial court did not explicitly pronounce a $200 restitution fine or parole revocation fine in case No. 10F06893, it is apparent on this record that the trial court intended to impose the mandatory minimum restitution and parole revocation fine. At the time defendant committed the offense in case No. 10F06893, the minimum restitution fine was $200. (Former § 1202.4, subd. (b)(1), as amended by Stats. 2010, ch. 351 (A.B. 819), § 9, eff. Sept. 27, 2010.) In light of the trial court's uncontested intent to impose the minimum restitution fine and parole revocation fine, and the clerical error in reflecting a $1,200 restitution fine and parole revocation fine, we conclude the minute order in case No. 10F06893 and abstract of judgment should be corrected to reflect the sentence imposed.

## DISPOSITION

The trial court is ordered to correct the minute order in case No. 10F06893 and abstract of judgment to reflect a $200 restitution fine (§ 1202.4, subd. (b)) and a $200 parole revocation fine, stayed pending successful completion of parole (§ 1202.45), and

---

[2]     Undesignated statutory references are to the Penal Code.

forward a certified copy to the Department of Corrections and Rehabilitation.  The

judgment is affirmed.


/s/
Robie, Acting P. J.


We concur:


/s/
Mauro, J.


/s/
Duarte, J.

4